IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISELOTTE H. DAVIS | : | |
| Plaintiffs, | : | |
| vs. | : | AMD-98-2794 |
| LOCKHEED MARTIN OPERATIONS SUPPORT, INC. | : | |
| | : | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \*

## ORDER

On February 29, 2000, summary judgment was entered in favor of defendant and against plaintiff. Defendant filed a timely Motion for Award of Costs in the amount of $4,924.65. Plaintiff has filed an objection to the Cost Bill to which defendant has responded. The undersigned has reviewed the outstanding pleadings relating to taxation of costs and finds no hearing necessary pursuant to Local Rule 105.6. (D.Md.).

### FEES OF COURT REPORTERS FOR DEPOSITIONS

Defendant requests reimbursement of $4,924.65 associated with costs incurred for the depositions of plaintiff, Joel Matuskey, Julia Fultz, Michael Paxton, and Dr. Yateesh Katyal. The Clerk may tax the costs of depositions under F.R.Civ.P. 54(d) where they are necessary for the case. *See Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "(W)e should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial. *Advance Business Systems & Supply Co.,*



287 F. Supp. 143, 165 (D.Md. 1968). While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses. In light of the foregoing, costs associated with plaintiff's depositions are allowed.[1] Furthermore, defendant's successful dispositive motion reflects utilization of the depositions taken of Dr. Katyal and Michael Paxton.[2] While the Clerk finds that the depositions of Mr. Matuskey and Ms. Fultz are not allowable within her traditional authority, they may be taxable within the broader authority exercised by the Court. Consequently, counsel for defendant is free to petition the Court for a supplement to this award of costs. Given this determination, deposition costs shall be awarded in the amount of $3,856.25.

Plaintiff's exceptions to the taxation request are duly noted but the undersigned finds her arguments unpersuasive. Defendant indicates that a copy of Mr. Paxton's deposition was requested at an expedited rate because it was taken five days prior to the close of discovery and within approximately one month of when defendant's dispositive motion was due. Further, Fed. R. Civ. P. 54(d)(1) makes clear that in the ordinary course a prevailing party is entitled to an award of costs and defendant was the prevailing party in this action. While the Court has discretion to deny an award of costs, the Clerk, acting pursuant to 28 U.S.C. § 1920, is more constrained. Thus, despite

---

[1] Costs associated with the reading, signing, postage, and Federal Express mailing of depositions or with duplicate versions of the transcript, whether they are a condensed or diskette version, are not allowed.

[2] The maximum page rate at which a copy of a transcript will be taxed is $1.25. The maximum page rate at which an expedited transcript will be taxed is $4.50.

plaintiff's arguments, the undersigned must enter an order directing that, where appropriate, the items of expense sought by defendant be paid.[3]

## AWARD

Accordingly, costs are entered in favor of defendant and against plaintiff in the amount of $3,856.25. The Clerk of Court shall docket and mail copies of this Order to all counsel in this case.

Dated this 22nd day of June, 2000.

_____
Felicia Cannon
Clerk, United States District Court,
District of Maryland

---

[3] Plaintiff may, however, contest the award by way of motion. Said motion must be filed with the Clerk within five days of the date of this Order, and should be directed to the trial judge. *See* F.R.Civ.P. 54(d).